### VICTOR ORANGE v. THE STATE.

No. 3408.   Decided February 3, 1915.

**1.—Murder—Indeterminate Sentence Law.**

Where the trial court omitted to apply the indeterminate sentence law, the judgment is reformed in this court.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of murder, the court charged upon circumstantial evidence, presumption of innocence and reasonable doubt, and defendant's plea was not guilty without presenting an affirmative defense, there was no error in the court's failure in refusing the charge requested by the defense.

**3.—Same—Jury and Jury Law—Challenge for Cause.**

The mere fact that one of the jurors would first conclude from the evidence, about which there was no dispute among the jurors, that defendant was innocent, and afterwards change his mind and agree to a verdict of guilty would not be a challenge for cause.

Appeal from the District Court of Lavaca.   Tried below before the Hon. M. Kennon.

Appeal from a conviction of murder; penalty, life imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder and his punishment assessed at life imprisonment in the penitentiary, and the court so passed sentence. The judgment under the verdict of the jury should have been adjudged under the indeterminate sentence law and provided that appellant be confined in the penitentiary for a period of years not less than five nor longer than his natural life, and the judgment is so reformed, and the clerk of this court will enter the proper judgment and certify it to the clerk of the trial court for observance.

The court gave a full, fair and explicit charge on the law of circum-

stantial evidence. The charge itself is not complained of, but it is urged that in addition thereto the court should have also presented an affirmative charge, "if from the circumstances introduced in evidence, such circumstances are consistent with the innocence of the defendant you must acquit him, although you find that a hypothesis of guilt will account for all the circumstances proven."

A reliance on a plea of not guilty and the fact that the State has not proven the guilt beyond a reasonable doubt, does not call for any other or different affirmative charge than that presented by the charge on presumption of innocence and reasonable doubt. It is only where the evidence presents an affirmative defense that such a charge is called for.

The only other question presented is that the court erred in not sustaining appellant's challenges for cause as to three of the veniremen. As Messrs. George Baur and E. Nalkemper did not serve on the jury, those two bills need not be discussed. The bill presenting the contended for erroneous ruling as to Joe Murphy appears in a different light. Appellant at the time the challenge for cause as to this juryman was presented had exhausted all his peremptory challenges, and Mr. Murphy was sworn in and served as a juryman on the trial of the case, and if the challenge should have been sustained it would present such error as would necessitate a reversal of the case. Article 692 provides fourteen grounds as challenges for cause. It is not contended that any of them exist, but it is admitted Mr. Murphy answered the questions presenting those grounds in a way that would render him a competent juror. The only complaint is, that in answer to the question, if after hearing the evidence, he was of the opinion the appellant should be acquitted, and the other eleven were of the opinion he was guilty, "if that fact would or might cause him (the juryman) to change your opinion as to the guilt, and lead you to agree with them in their conclusion?" The juryman answered, "I don't know; I can not say—I am afraid and believe it might."

It is a matter of common knowledge, known to all mankind, that if any body of men hear the same matter, and eleven out of twelve come to the same conclusion, it ordinarily would have an influence on the twelfth man if he was a well-balanced, reasonable man. If his opinion was firm and fixed it might not cause him to change it, yet the mere fact that the other eleven had arrived at a different conclusion would necessarily, to some extent at least, have weight with him in reviewing the matters in his own mind, and the question propounded would elicit from a great majority of thinking citizens the answer, "it might do so," and we all know and appreciate the fact that if he did not so answer, such would in fact be true, unless a man was one of those who are unreasonable, hard-headed or stubborn by nature. The jurymen are sent into the jury box to reflect over and study the testimony, and if they were to eternally stand by their first impressions, there would be but few verdicts rendered by twelve men. The only question is, was the juryman convinced of the guilt of the person at the time the verdict of guilty was rendered?

If so, it reflects a true verdict. We can not hope to exclude from the jury box all men who might be influenced by the views of their fellow man—if so, a jury would be difficult to obtain.

The judgment is affirmed.

*Affirmed.*