The evidence is sufficient, and no error is discerned.

The judgment is therefore affirmed.

### On Motion for Rehearing.

The indictment charged that the appellant sold spirituous, vinous, and intoxicating liquors and malt liquors capable of producing intoxication. This is the language used in section 1 of chapter 61, of the Acts of the 37th Leg., 1st Called Sess. (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼), mentioned in the original opinion.

In the fourth paragraph of the court's charge, the jury is told that if they believe that the appellant sold to the purchaser named in the indictment, spirituous, vinous, and intoxicating liquors, or malt liquors capable of producing intoxication, they should find appellant guilty, or if they had a reasonable doubt thereof, they must acquit him.

[6] The court, in the third paragraph of the charge, told the jury that the law upon which the prosecution was founded was that embraced in the terms of section 2 of the act (article 588¼a) of the Legislature mentioned, in which the offense described is the sale of spirituous, vinous, or malt liquors containing an excess of 1 per cent. of alcohol by volume. Sections 1 and 2 of the act denounce separate offenses. This was held in Estell v. State, 91 Tex. Cr. R. 481, 240 S. W. 913, and other cases. The statement setting out the terms of the law under which the prosecution is founded is inaccurate. The prosecution was under section 1 of the act in question. No exception was reserved to the inaccuracy. It is merely an abstract statement. The other paragraphs of the charge definitely informed the jury upon what facts a conviction might be predicated, and the facts so described coincide with those in section 1 of the chapter in question and also with the indictment. The fault in the charge is not one demanding notice in the absence of objection.

The other matters mentioned in the motion for rehearing were properly disposed of and sufficiently discussed in the original hearing.

The motion for rehearing is overruled.

---

### STUTZMAN v. STATE.    (No. 7734.)

(Court of Criminal Appeals of Texas.  May 16, 1923.)

Criminal law ⊕1182—Where indictment and judgment regular, case will be affirmed in absence of statement of facts or bills of exception.

Where the record contains neither statement of facts nor bills of exception, and the judgment appears regular and is based on an indictment charging an offense, the judgment will be affirmed.

Appeal from District Court, Kinney County; Joseph Jones, Judge.

C. A. Stutzman, alias Ralph Manning, was convicted of passing a forged instrument, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for passing a forged instrument with a punishment of five years in the penitentiary. The record contains neither statement of facts or bills of exception. The indictment charges an offense, and the judgment based thereon appears regular in all respects.

The judgment must therefore be affirmed.