## In re STUTZMAN.

(District Court, S. D. Texas, Houston Division. April 7, 1926.)

### No. 786.

Habeas corpus ⟨⇒⟩30(3)—That judgment did not conform to Indeterminate Sentence Law, not ground for habeas corpus, especially where sentences complained of had been affirmed on appeal (Indeterminate Sentence Law Tex. [Vernon's Ann. Code Cr. Proc. 1916, art. 865a]).

That judgment of state court against defendant did not conform to the Indeterminate Sentence Law of Texas (Vernon's Ann. Code Cr. Proc. 1916, art. 865a) does not warrant habeas corpus, especially where sentences involved were appealed from and affirmed, since error, if any, was not substantial, but amendable.

Habeas Corpus. Petition by Charles Stutzman. Petition denied.

HUTCHESON, District Judge. This petition was filed by the clerk by order of the court and thereafter came on for inspection by me. It appearing from the petition that the only complaint made is to the form of the judgment, that under the Indeterminate Sentence Law of Texas (Vernon's Ann. Code Cr. Proc. 1916, article 865a) it should have contained a maximum and a minimum provision rather than one indefinite term, and it further appearing from said petition that both of said sentences were appealed, and

both affirmed as valid by the Court of Criminal Appeals of Texas, it is apparent on the face of the petition that it is without merit, and should be denied, both because, if there was any error in the judgment it was an insubstantial and amendable error on appeal (see Alzalde v. State, 173 S. W. 298, 76 Tex. Cr. R. 169; Orange v. State, 173 S. W. 297, 76 Tex. Cr. R. 194), and because, the judgment having been affirmed as valid by the highest court of Texas, it cannot be considered, either that there was an error in fact in the judgment, or that such error was not insubstantial (Stutzman v. State [Tex. Cr. App.] 251 S. W. 812; Stutzman v. State [Tex. Cr. App.] 251 S. W. 813).

The Supreme Court of the United States has recently laid down some very wholesome rules for the governance of District Judges in the matter of when they will assume the extraordinary jurisdiction here invoked to declare null and void the ordered processes of the state courts, with all of which I thoroughly agree, and I need only refer to that case for an expression of the general principles controlling here. Stanley P. Ashe, Warden, v. U. S. of America ex rel. Joseph Valotta, 46 S. Ct. 333, 70 L. Ed. ——, decided March 15, 1926.