BRAVILLO ALONZO v. THE STATE.

No. 14235.   Delivered March 11, 1931.

The opinion states the case.

*George N. Brubaker,* of San Marcos, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assesesd at confinement in the penitentiary for life.

The record is before this court without statement of facts or bills of exception, and the time allowed for their preparation and filing has expired.

A plea of former jeopardy was presented to the court and overruled. The judgment overruling the plea recites that evidence was heard by the court before passing upon the motion. The action of the trial court in overruling the plea is not properly before this court for review. We learn, however, from the motion for new trial and the controverting affidavit attached thereto that in presenting the plea of former jeopardy reliance was had upon the fact that the accused had been indicted and tried for the same offense in March, 1929, and had been found guilty; that the penalty assessed against him was confinement in the penitentiary for life, but because of the insufficiency of the indictment the case was

reversed on appeal. See Alonzo v. State, 114 Texas Crim. Rep., 536, 26 S. W. (2d) 920. The indictment last mentioned was dismissed in the trial court but a new indictment was returned by the grand jury, upon which indictment the present conviction is based. The contention made by the appellant is not variant from that overruled by this court in the case of Herrera v. State, 117 Texas Crim. Rep., 389, 36 S. W. (2d) 515.

In the motion for new trial and the controverting affidavit it was made to appear that preliminary to the present trial the district attorney agreed that if the accused would enter a plea of guilty the jury would be requested by the State's attorney to assess a penalty not to exceed eight years' confinement in the penitentiary; that the accused was unable to speak the English language and was heard through an interpreter, who, responding to an inquiry of the court as to the plea of the appellant, interpreted the appellant as indicating a plea of not guilty, and that the trial was had upon that plea. That there was assessed against the appellant upon the trial a higher penalty than eight years' confinement in the penitentiary can, under the facts, avail him nothing upon this appeal.

In the motion for new trial and the controverting affidavit of the State's attorney there is reference to the absence of some witnesses. The subject is one which cannot be reviewed as there is apparently no application for a continuance. Even if there were one, there is no bill of exception complaining of the action of the court in overruling it. However, the averment in the motion for new trial makes it manifest that the evidence expected from the witnesses was such, as a matter of law, as would not have produced a more favorable result to the accused. None of the matters, however, are in such condition as to demand a discussion or warrant a reversal of the judgment. From the record, as it appears here, it is manifest that the accused had a fair and impartial trial.

In entering the judgment and sentence the court failed to take note of the provisions of the Indeterminate Sentence Law. The sentence should condemn the appellant to confinement in the State penitentiary for not less than two years nor longer than his natural life. See Art. 775, C. C. P.; Orange v. State, 76 Texas Crim. Rep., 194, 173 S. W., 297; Guyton v. State, 76 Texas Crim. Rep., 508, 175 S. W., 1063. In the particular mentioned the judgment and sentence are reformed, and as reformed the judgment of the trial court is affirmed.

*Reformed and affirmed.*