**Affirmed and Opinion filed June 5, 2014.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-00406-CR

**MORGAN LEE BROUSSARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1372471**

## O P I N I O N

In this appeal we are presented with three issues, all of which relate to the constitutionality of detaining appellant, whom police officers believed was smoking marijuana. The police testified they believed appellant was smoking marijuana because they smelled marijuana and saw appellant smoking. Appellant was actually smoking a "Kush" cigar. While police detained him, they found cocaine and charged appellant with possession of cocaine. Appellant asserts that the trial court erred in denying his motion to suppress evidence of the cocaine, in

denying his request to charge the jury under Texas Code of Criminal Procedure article 38.23, and in excluding evidence that the substance he was smoking was "Kush" and that marijuana and "Kush" have different odors. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Two Houston police officers were on patrol, in the middle of the night, in an area known for lush narcotics use. They smelled marijuana emanating from a vehicle and observed appellant Morgan Lee Broussard seated in the vehicle smoking. The officers approached appellant and asked him to get out of the vehicle. After he exited, one of the officers asked him to place his hands on top of the vehicle. Before doing so, appellant dropped on the ground a plastic bag containing a white substance. The officers placed appellant under arrest and seized the bag. They also seized appellant's cigar, which they believed contained marijuana.

The Houston Police Department Crime Lab tested both substances. The substance in the plastic bag contained cocaine. The substance in the cigar did not contain marijuana, although the crime lab determined that it might be a synthetic form of marijuana.

Appellant was charged with the felony offense of possession of less than one gram of cocaine. He pleaded "not guilty" and moved to suppress the cocaine on the grounds that the evidence was the result of a warrantless search without probable cause.

The trial court heard evidence on appellant's motion to suppress during trial, outside the presence of the jury. The trial court denied appellant's motion to suppress and the trial continued.

Appellant asked for the jury to be instructed to disregard the evidence if the jury had a reasonable doubt that the evidence was seized in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America. The trial court denied appellant's request. The jury found appellant guilty of the charged offense. Appellant then stipulated to enhancement paragraphs alleging two prior felony convictions. The trial court assessed punishment at two years' confinement.

## ISSUES

In three issues, appellant asserts that the trial court erred in (1) denying appellant's motion to suppress, (2) failing to submit his requested jury instruction under Texas Code of Criminal Procedure article 38.23, and (3) in sustaining several of the State's objections to the relevancy of his questions.

## ANALYSIS

### 1. Did the trial court err in denying appellant's motion to suppress?

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts, especially when the trial court's findings are based on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. We afford the same amount of deference to the trial court's application of the law to facts if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* We review de novo the trial court's application of the law to facts if resolution of those ultimate questions does not

turn on an evaluation of credibility and demeanor. *Id.* When, as in this case, there are no written findings of fact in the record, we uphold the trial court's ruling on any theory of law applicable to the case and presume the trial court made implicit findings of fact in support of its ruling so long as those findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000). If supported by the record, a trial court's ruling on a motion to suppress will not be overturned. *Mount v. State*, 217 S.W.3d 716, 724 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Appellant asserts the trial court erred in denying his motion to suppress because the sole fact supporting probable cause for the officers' investigatory stop—that the officers smelled marijuana—was based on a factual impossibility. An investigative detention occurs when a person yields to the police officer's show of authority under a reasonable belief that he is not free to leave. *Crain v. State*, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010). The police officer's actions in blocking appellant's car and ordering him out constituted an investigative detention, which implicated Fourth Amendment protections. *See Johnson v. State*, 414 S.W.3d 184, 193 (Tex. Crim. App. 2013) (defendant was detained when officers blocked his car).

For government officials to be able to conduct investigative detentions, they must have reasonable suspicion founded on specific, articulable facts, combined with rational inferences from those facts, which would lead the officers to conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Crain,* 315 S.W.3d at 52. Articulable facts amount to "more than a mere inarticulate hunch, suspicion, or good faith suspicion that a crime was in progress." *Id.* (quoting *Williams v. State*, 621 S.W.2d 609, 612 (Tex. Crim. App. 1981)). In deciding whether reasonable suspicion existed, we look at the facts available to the

officer at the time of detention. *Id.*

The trial court heard evidence on appellant's motion to suppress outside the presence of the jury, in the middle of the trial. At that time, Officer Kevin M. Wagner testified that he and Officer Jay Woolley were proactively patrolling a familiar area known for a high amount of narcotics use with their automobile windows rolled down in the middle of the night. While they were driving through the parking lot at Northline Motel, they smelled marijuana coming from appellant's car. The officers noticed appellant sitting in the car. They braked behind appellant's car, exited their vehicle and approached appellant. As they approached, the smell of marijuana became stronger and they could see appellant smoking inside the car. Officer Woolley requested appellant step out of the vehicle and place his hands upon the car. Appellant dropped a small plastic "baggie" on the ground, at which point Officer Wagner told Officer Woolley to handcuff appellant. Officer Wagner recovered the baggie, which contained a white, powdery substance he believed to be cocaine. He also recovered a cigar he believed to be marijuana from the center console of appellant's vehicle. Officer Wagner later was advised that the cigar did not contain marijuana but instead "Kush." Officer Wagner testified that he was not familiar with the scent of "Kush."

Appellant testified that he was smoking a blueberry "Kush" cigar that he purchased at the neighborhood convenience store. He testified that the cigar smells like herbal incense, which appellant said does not smell like marijuana. Even if the substance appellant was smoking at the time of his arrest smelled like blueberries, this fact alone does not mean that the officers did not smell, or reasonably believe they smelled, marijuana emanating from the vehicle. This court presumes that the trial court determined that the officers' testimony regarding the marijuana smell

was credible and we must defer to the trial court's implied findings of fact. *See Ross*, 32 S.W.3d at 855–56; *Guzman*, 955 S.W.2d at 89.

Both officers testified that they smelled marijuana emanating from a vehicle. *See Parker v. State*, 206 S.W.3d 593, 597 n.11 (Tex. Crim. App. 2006) (police officers smelling odor of marijuana from car have probable cause to search car); *Razo v. State*, 577 S.W.2d 709, 711 (Tex. Crim. App. [Panel Op.] 1979) (smell of marijuana constitutes probable cause to remove rear door panel of vehicle and search). In addition to smelling the odor of marijuana, the police officers observed appellant sitting in his car smoking in the middle of the night in an area known to have a high level of narcotics use. *See Crain*, 315 S.W.3d at 53. Under these circumstances, the police officers had reasonable suspicion, founded upon articulable facts, to believe that appellant was or had been engaged in criminal activity. *See id.*; *Parker*, 206 S.W.3d at 597, n.11. Accordingly, the police officers were justified in detaining appellant. The trial court did not err in denying appellant's motion to suppress evidence seized as a result of the detention. *See Crain*, 315 S.W.3d at 53; *Parker*, 206 S.W.3d at 597, n.11. Appellant's first issue is overruled.

## 2. Did the trial court err in denying appellant's request to instruct the jury that illegally-seized evidence should not be considered?

Appellant asserts that, because he presented a fact issue regarding whether the police officers smelled marijuana, the trial court erred in denying his request for a jury instruction under Texas Code of Criminal Procedure art. 38.23 that the jury should not consider evidence that was obtained in violation of his constitutional and statutory rights. Texas Code of Criminal Procedure article 38.23(a), entitled "Evidence not to be used," provides:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of

Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any criminal case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005). A defendant's right to the submission of jury instructions under article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). A defendant must meet three requirements before he is entitled to the submission of a jury instruction under article 38.23(a): (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; (3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* There must be a genuine dispute about a material fact. If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. *Id.*

Officer Wagner testified before the jury that he was patrolling with his vehicle's windows rolled down when he smelled marijuana and saw appellant smoking. The State introduced into evidence the cigar (Exhibit 5) and the cocaine (Exhibit 6). On cross-examination, Officer Wagner testified that the cigar smelled like "tobacco and something sweet." He stated that although the cigar did not smell like marijuana, he did smell marijuana as he approached appellant's vehicle the night of the arrest.

Officer Jay Woolley testified that he smelled marijuana and saw smoke inside appellant's vehicle. He also testified that the cigar (Exhibit 5) smelled like marijuana. He admitted on cross-examination that there were lots of hotel rooms near the car, but explained that he knew the scent was coming from the car because he could see the smoke.

Mariam Kane from the Houston Police Department Crime Lab testified there was an indication that Exhibit 5 was XLR-11, a new plant substance that was a synthetic form of marijuana and that Exhibit 6 contained cocaine. She testified that the synthetic forms of marijuana had a fruity smell.

Appellant argues that he raised a fact issue by presenting to the jury Officer Wagner's testimony that the State's Exhibit 5, the cigar recovered from appellant's vehicle, smelled like tobacco and the testimony of a Houston Police Department Crime Lab analyst that the State's Exhibit 5 had a fruity smell and that it did not contain marijuana.[1]

None of this evidence creates a fact issue regarding whether Officers Wagner and Woolley smelled marijuana when they approached appellant's car. Both officers stated that they did. Even if the cigar recovered from the car did not smell like marijuana, the fact that one item removed from the car smelled fruity— even if that item is the item the officers suspected was emanating the odor of marijuana—does not mean the officers did not smell marijuana emanating from the vehicle. *See Grubbs v. State*, No.14-12-00681, —S.W.3d—, 2013 WL 4487565, at *5 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, pet. ref'd). Both officers steadfastly stated that they smelled marijuana before approaching the car even

---

[1] Appellant argues that the proffered testimony from appellant's mother (Barbara Moore) created a fact issue for the jury. But, this testimony was not before the jury and therefore could not support his proposed instruction. Even if the testimony had been before the jury, it would not create a fact issue.

though Officer Wagner stated that the State's Exhibit 5 smelled fruity, and the marijuana smell may have resulted from the recent use of marijuana rather than from the appellant's smoking marijuana when the officers saw him smoking inside his vehicle. *See Madden*, 242 S.W.3d at 513–14. There was no evidence before the jury that the officers did not smell marijuana. *See Tollett v. State*, 422 S.W.3d 886, 897 (Tex. App.—Houston [14th Dist.] 2014, no pet. h).

Appellant's evidence that one item seized from the vehicle smelled fruity does not create a fact issue as to whether the officers smelled marijuana before stopping appellant. *See id.*; *Tollett*, 422 S.W.3d at 897. Accordingly, the trial court did not err in denying appellant's request to submit a jury instruction under article 38.23. Appellant's second issue is overruled.

### 3. Did the trial court err in sustaining the State's objections to questions regarding the scent of herbal incense?

Appellant argues that the trial court abused its discretion in sustaining the State's objections to questions he posed to the State's lab analyst regarding the smells of marijuana and herbal incense and to foundational questions that he asked appellant's mother, Barbara Moore. After Kane testified at trial that synthetic marijuana has a fruity smell, appellant asked whether the substances smelled different than marijuana. The trial court sustained the State's objection to relevance. Appellant also asked the weight of the substance and a relevance objection was sustained.

After Kane testified and the State rested, appellant elicited testimony from appellant's mother. She testified that she received defendant's Exhibits 8 ("Kush" packaging) and 9 ("Kush") from appellant's vehicle after it was impounded by police. Appellant asked foundational questions in an attempt to admit those exhibits into evidence but the trial court again sustained the State's relevancy

objections.  Appellant made an offer of proof in which he explained that his mother had retrieved packaging containing the substance appellant was smoking in his cigar, and that the packaging indicated the substance was comprised of flowers, herbs, and fruit.  Appellant argued this evidence would undercut the testimony from the police officers that they smelled marijuana.

Evidence is relevant if it has any tendency to make the existence of any fact of consequence more likely than it would be without the evidence.  Tex. R. Evid. 401.  We presume for the sake of argument that the trial court erred in sustaining the State's relevancy objections.  This exclusion constitutes non-constitutional error and is reviewed under Texas Rule of Appellate Procedure Rule 44.2(b).  *See Walters v. State*, 247 S.W.3d 204, 221 (Tex. Crim. App. 2007); *Tillman v. State*, 376 S.W.3d 188, 198 (Tex. App.—Houston [14th Dist.] 2012, no pet.).  In Texas, the improper exclusion of evidence may raise a constitutional violation in two circumstances: (1) when an evidentiary rule categorically and arbitrarily prohibits the defendant from offering relevant evidence that is vital to his defense; or (2) when a trial court erroneously excludes evidence that is vital to the case, and the exclusion precludes the defendant from presenting a defense. *Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005).  The exclusion of evidence that furthers appellant's defensive theory only incrementally is non-constitutional error.  *See Tillman v. State*, 376 S.W.3d at 198.

Appellant presented evidence from the lab analyst that the State's Exhibit 5 (cigar) was not marijuana.  Officer Wagner and the lab analyst also both testified that the State's Exhibit 5 smelled fruity.  Officer Wagner testified that the State's Exhibit 5 did not smell like marijuana.  The additional testimony appellant sought to elicit from the lab analyst—that Exhibit 5 did not smell like marijuana—and the testimony sought from appellant's mother—that she found "Kush" in the car, and

that the label indicated the substance contained flowers, herbs, and fruit—would have furthered appellant's defensive theory incrementally, at most.

A non-constitutional error that does not affect substantial rights does not justify overturning the verdict. *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Coble v. State*, 330 S.W.3d 253, 281 (Tex. Crim. App. 2010). But, if the improperly admitted evidence did not influence the jury or had but a slight effect upon its deliberations, such nonconstitutional error is harmless. *Id*. In performing a harm analysis, we examine the entire trial record and calculate, as much as possible, the probable impact of the error upon the rest of the evidence. *Id*. We consider the overwhelming evidence supporting the particular issue to which the erroneously admitted evidence was directed, but that is only one factor in the harm analysis. *Id*. It is the responsibility of the appellate court to assess harm after reviewing the record, and the burden to demonstrate whether the appellant was harmed by a trial court error does not rest on either the appellant or the State. *Id*.

Appellant argues he suffered harm because the excluded evidence would have undercut the credibility of the police officers' testimony that they smelled marijuana. The problem with appellant's argument is that even if appellant conclusively proved that the substance he was smoking did not smell like marijuana, that would not raise a fact issue regarding whether the officers smelled marijuana emanating from his vehicle. We conclude that, even if the trial court erred in sustaining these evidentiary objections, the error did not have a substantial and injurious effect or influence in determining the jury's verdict. *See Tillman v. State*, 376 S.W.3d at 198. Appellant's third issue is overruled.

## CONCLUSION

The trial court did not err in denying appellant's motion to suppress the cocaine or in denying appellant's request for the trial court to charge the jury under article 38.23.  We find harmless any error by the trial court in sustaining the State's relevancy objections to the lab analyst's testimony and in excluding appellant's mother's testimony regarding the "Kush" that she recovered from appellant's car.

The judgment of the trial court is affirmed.


/s/      Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

Publish — TEX. R. APP. P. 47.2(b).