

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00223-CR

———————————————

ANNA MARIE JENNINGS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR 22-00113

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Anna Marie Jennings was convicted by a jury of intentionally or knowingly possessing four grams or more (but less than 200 grams) of methamphetamine. Jennings pleaded true to an enhancement count, and the jury assessed a punishment of twenty-seven years in prison. Jennings appeals, raising two points. We will affirm.

## II. BACKGROUND

While working in Cooke County in November 2021, Texas Highway Patrol Trooper Patrick Richardson noticed a car being driven recklessly and above the speed limit, with the driver following too closely to the car in front and changing lanes when it was unsafe to do so. He pulled the car over and later identified Jennings as the driver.

As Trooper Richardson walked to the car's passenger-side window, he noticed a container of alcohol inside the car. He also smelled both marijuana and alcoholic-beverage odors coming from the car. Noticing that Jennings was acting nervously and suspecting that she may have been drinking, Trooper Richardson had Jennings get out of the car. After she got out, Trooper Richardson determined that she was not intoxicated, but he recognized the odor of methamphetamine coming from her body.

Trooper Richardson determined that Jennings had been driving with an invalid license, and he decided to arrest her for that offense. According to him, Jennings's

license was "suspended due to multiple different reasons, including DWLI, previous stuff, surcharges. The list was pretty extensive." Trooper Richardson then began to search Jennings's car, including her purse (which was still inside and visible).[1] In the purse, he found an Altoids container which, in turn, contained a "white crystal substance" that Richardson believed was methamphetamine. Richardson also found a glass pipe that he believed was used to smoke methamphetamine. Finally, a search of the car's trunk revealed a small bag of marijuana. Laboratory testing later confirmed that Trooper Richardson had found 4.48 grams of methamphetamine in Jennings's purse.

## III. DISCUSSION

### A. Restriction on Voir Dire

In her first point, Jennings complains that the trial court improperly prevented her from asking a question of a veniremember. As we explain below, although we do not agree that the trial court abused its discretion in prohibiting her question, even if it had, she could not have suffered harm from the restriction.

While questioning the venire panel, defense counsel attempted to gauge how much the panel agreed or disagreed with the following statement: "Eleven out of 12 jurors want to convict a client. Should—should he be found guilty?" The State objected that the question was "improper" and "a misstatement of the law." The trial

---

[1]Jennings told Trooper Richardson that the purse belonged to her.

court sustained the State's objection. On appeal, Jennings argues that her due process rights were violated by her inability to pose the question—specifically, she claims that she "must be able to discover those persons who may have a bias or prejudice toward just following the rest of the group."

The trial court has broad discretion over the process of selecting a jury. *Allridge v. State*, 762 S.W.2d 146, 167 (Tex. Crim. App. 1988). The main reason for this broad discretion is that questioning of the panel could go on ad infinitum without reasonable limits. *Faulder v. State*, 745 S.W.2d 327, 334 (Tex. Crim. App. 1987). We leave to the trial court's discretion the propriety of a particular question, and we will not disturb the trial court's decision absent an abuse of discretion. *Allridge*, 762 S.W.2d at 163. A trial court's discretion is abused only when a proper question about a proper area of inquiry is prohibited. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002).

A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Samaripas v. State*, 454 S.W.3d 1, 5 (Tex. Crim. App. 2014). But a voir dire question that is so vague or broad in nature as to constitute a global fishing expedition is not proper and may be prohibited by the trial judge. *Barajas*, 95 S.W.3d at 39.

Here, Jennings's question was vague and misleading. In her brief, Jennings claims that she was trying to test the veniremembers' attitudes toward "following the pack and not the law," but this interpretation is far from obvious. While it is possible that defense counsel was simply testing the panel's knowledge regarding whether a

4

unanimous verdict was required for conviction or even trying to determine whether the veniremembers understood the word "unanimous," Jennings failed to explain any of this to the trial court or attempt to rephrase the question. *See Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012) ("Where the trial court does not place an absolute limitation on the substance of an appellant's voir dire question, but merely limits a question due to its form, the appellant must attempt to rephrase the question or risk waiver of the alleged voir dire restriction."); *see also* Tex. R. App. P. 33.1(a)(1).

In any event, relying on Jennings's appellate argument, what she called a hypothetical question appears to be an attempt to commit the veniremembers to a reaction to a specific set of facts—in effect, what would you do if you were the lone holdout in deliberations? This would be improper. *See Standefer v. State*, 59 S.W.3d 177, 182 (Tex. Crim. App. 2001); *cf. Russell v. State*, 79 So. 3d 529, 542–43 (Miss. Ct. App. 2011) (holding, under Mississippi law, that asking veniremembers if they would "merely . . . go along with the majority" in deliberations was improper demand for pledge to vote a certain way if a certain set of circumstances were shown). Nor would the question necessarily help determine if a particular veniremember was subject to a challenge for cause. *See Orange v. State*, 173 S.W. 297, 298 (Tex. Crim. App. 1915) (holding that veniremember's answer that he "might" change his opinion and vote guilty if the eleven other jurors were for conviction did not make him challengeable for cause).

Even if Jennings's proposed question had been proper, however, she could not have suffered harm from the trial court's refusal to let her ask it. Generally, an improper restriction on a defendant's voir dire is considered nonconstitutional error, and we conduct a harm analysis in accordance with Texas Rule of Appellate Procedure 44.2(b). *See Easley v. State*, 424 S.W.3d 535, 536 n.4 (Tex. Crim. App. 2014); *see also* Tex. R. App. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). An appellate court should examine the whole record when conducting a harm analysis, including any testimony or physical evidence, the trial court's instructions to the jury, the State's theory, any defensive theories, closing arguments, voir dire, and whether the State emphasized the error. *Easley*, 424 S.W.3d at 542 (citing *Rich v. State*, 160 S.W.3d 575, 577–78 (Tex. Crim. App. 2005)).

The basis of Jennings's complaint is that she was unable to ask the veniremembers about their commitment to unanimity. But the panel's understanding that all members of the jury would have to agree to convict was never in doubt. The trial court explained to the panel at the outset that a defendant cannot be found guilty until "the 12 members of the jury return a verdict of guilty, a unanimous verdict." In her instructions to the jury after it had been sworn, the judge again told them, "As you have heard, that it takes a unanimous [sic], which means a decision of all 12. You have to have all 12 agree on your verdict." Following closing arguments, she again explained that "unanimously" meant "all 12 must agree." The jury instructions

6

themselves made clear that they should arrive at a unanimous verdict. Finally, upon the jury's having delivered its verdict, the trial court confirmed with the foreman in open court that the verdict was indeed unanimous.

The trial court's refusal to let Jennings ask the panel an ambiguous question about unanimity could have in no way affected the jury's ability to reach a unanimous verdict, and she therefore could not have been harmed by the restriction. *See Barragan v. State*, No. 10-15-00079-CR, 2016 WL 1274734, at *2 (Tex. App.—Waco Mar. 31, 2016, pet. ref'd) (mem. op., not designated for publication) (holding trial court's erroneous prohibition on defense counsel's explaining differences in burden of proof was harmless where jury was repeatedly told in court's charge and the parties' argument that it was the State's burden to prove guilt beyond a reasonable doubt). We overrule her first point.

## B. Jennings Was Not Entitled to an Article 38.23 Instruction

In her second point, Jennings complains that the jury charge wrongly omitted an instruction to disregard evidence discovered as the result of an illegal search.[2] Because no dispute in the testimony justified the inclusion of such an instruction, we overrule Jennings's point.

---

[2]Jennings identifies the alleged charge error as "failing to charge on a lesser included offense," but her actual briefing clarifies her search-and-seizure argument.

### 1. Trooper Richardson's Testimony

At trial, Trooper Richardson testified that he could smell marijuana in Jennings's car as he approached her open passenger window. He described it as a very distinct odor. In Trooper Richardson's opinion, the odor of marijuana provided him with adequate probable cause to search the car. During his search, Trooper Richardson discovered (in addition to the methamphetamine that he found in Jennings's purse) a bag of marijuana in the trunk. He did not find any marijuana in the passenger area of the car.

Jennings did not object or request an Article 38.23 instruction during Trooper Richardson's testimony, but she argued to the jury (over the State's objection) that Trooper Richardson did not really smell marijuana and that his subsequent search of Jennings's car was unlawful. On appeal, Jennings clarifies this argument, claiming that Richardson could not have smelled marijuana in the car because marijuana was ultimately found only in the trunk, and that the jury should have been instructed to disregard this illegally-obtained evidence.

### 2. Instructions under Article 38.23(a)

Article 38.23(a) provides that no evidence obtained by an officer or other person in violation of the laws or constitutions of Texas or the United States shall be admitted in evidence against the accused on the trial of any criminal case. Tex. Code Crim. Proc. Ann. art. 38.23(a). When there is an issue as to whether evidence was obtained by such a violation, the jury shall be instructed that if it believes, or has a

8

reasonable doubt, that the evidence was obtained by such a violation, then it shall disregard any such evidence. *Id.* A defendant's right to the submission of a jury instruction under Article 38.23(a) is limited to disputed issues of fact that are material to the defendant's claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007).

To be entitled to an Article 38.23(a) instruction, a defendant must show that (1) the evidence heard by the jury raised an issue of fact, (2) the fact was contested by affirmative evidence at trial, and (3) the fact is material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* at 510. When these elements are not met, a trial court is not required to include an Article 38.23(a) instruction. *Id.*; *see Shpikula v. State*, 68 S.W.3d 212, 217 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (holding trial court did not err in refusing Article 38.23(a) instruction when defendant did not present affirmative evidence raising an issue of material fact).

### 3. Marijuana Odor and Probable Cause

The automobile exception to the warrant requirement permits police officers to conduct a warrantless search of a vehicle if it is "readily mobile and there is probable cause to believe that it contains contraband." *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). Probable cause exists when there is a "fair probability" of finding inculpatory evidence at the location being searched. *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008). The smell of marijuana alone is sufficient to constitute

9

probable cause to search a defendant's person, vehicle, or objects within the vehicle. *Small v. State*, 977 S.W.2d 771, 774–75 (Tex. App.—Fort Worth 1998, no pet.); *see Luera v. State*, 561 S.W.2d 497, 498 (Tex. Crim. App. 1978) ("[P]robable cause existed when the odor of marihuana was discovered."). Probable cause can exist based solely on the smell of marijuana even when marijuana is later not discovered during the search. *See Robinson v. State*, No. 01-10-00727-CR, 2012 WL 1454451, at *4 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, pet. ref'd) (mem. op., not designated for publication) ("[T]he discovery of marijuana is not necessary for a trial court to find that an officer had probable cause to search a vehicle based on the odor of marijuana."); *Williams v. State*, No. 14-01-01250-CR, 2002 WL 31426293, at *2 (Tex. App.—Houston [14th Dist.] Oct. 10, 2002, no pet.) (not designated for publication) (noting that "[a]lthough no marijuana was found, Deputy Palermo smelled marijuana emanating from the car," which provided probable cause to search it).

### 4. Analysis

Here, there was no dispute in the evidence that required a jury instruction. Trooper Richardson testified that he smelled marijuana emanating from the interior of Jennings's car. He did not waver on this point. Trooper Richardson found marijuana in the trunk, and when asked whether an odor from marijuana stored in the trunk could "permeate an entire vehicle," he answered, "Absolutely."

On cross-examination, defense counsel questioned whether Trooper Richardson found marijuana in the passenger compartment of Jennings's car.

10

Trooper Richardson said he did not find any there, but he did find it in the trunk. When questioned how he could have smelled marijuana "in the interior of the car," Trooper Richardson answered that it would not be uncommon for the distinctive odor of marijuana in the trunk of a car to drift into the passenger area where it could be detected. When defense counsel accused Trooper Richardson of never having smelled marijuana, Trooper Richardson simply answered that counsel was "incorrect."

There must be a "disputed, material issue of fact" to justify an Article 38.23(a) instruction. *See Robison v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012). Here, Jennings's accusation on cross-examination that Trooper Richardson was lying did not create a factual dispute. *See Madden*, 242 S.W.3d at 514 ("The cross-examiner cannot create a factual dispute for purposes of an Article 38.23(a) instruction merely by his questions."). Further, the only issue to be resolved in determining the propriety of submitting an Article 38.23(a) instruction to the jury was whether Trooper Richardson smelled marijuana at all. The question of the absence of marijuana in the passenger compartment of Jennings's car is irrelevant to that issue—particularly when there was marijuana in the trunk. *See Bogan v. State*, No. 02-15-00354-CR, 2016 WL 1163725, at *4 (Tex. App.—Fort Worth Mar. 24, 2016, pet. ref'd) (mem. op., not designated for publication) (holding that fact officer failed to find marijuana in defendant's car is not affirmative evidence that officer did not smell marijuana); *Broussard v. State*, 434 S.W.3d 828, 834 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (holding that fact that cigar suspected of smelling like marijuana did not have

11

that odor was not affirmative evidence that the officers failed to smell marijuana emanating from suspect's car). Because there was no affirmative evidence disputing Trooper Richardson's testimony that he smelled marijuana coming from Jennings's car, the trial court did not err in failing to include an Article 38.23(a) instruction in the court's charge.[3] We overrule Jennings's second point.

## IV. CONCLUSION

Having overruled both of Jennings's points, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 22, 2024

---

[3]In addition, a different and completely undisputed fact provided an independent basis to justify Trooper Richardson's search of Jennings's car: Trooper Richardson had already determined that he would arrest Jennings for driving with an invalid license. An arrest of Jennings for that offense justified an inventory search of her car. *See Colorado v. Bertine*, 479 U.S. 367, 371, 107 S. Ct. 738, 741 (1987) (holding that inventory search of impounded automobile is a reasonable search under the Fourth Amendment). Trooper Richardson testified that his "department requires [state troopers] to do an inventory of that vehicle" when he "arrest[s] an individual in a vehicle that they're responsible for." This "insures that what's in that vehicle stays in the vehicle through the whole process all the way up until she gets it back." Therefore, even if Jennings had been able to present affirmative evidence that Richardson did not smell marijuana, that "dispute" would not be material to the ultimate admissibility of the evidence. *See Madden*, 242 S.W.3d at 510–11.

12